FILED

**NOT FOR PUBLICATION**

APR 14 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 09-50349 |
| Plaintiff - Appellee, | D.C. No. 3:09-CR-00730-GT |
| v. | |
| JOEL MEJIA-SOTO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, Jr., District Judge, Presiding

Submitted April 6, 2010
Pasadena, California

Before: D.W. NELSON and REINHARDT, Circuit Judges, and GERTNER,**
District Judge.

Appellant Joel Mejia-Soto ("Mejia") pled guilty to illegal reentry by a

deported alien, in violation of 8 U.S.C. § 1326. The district court sentenced Mejia

to an above-Guidelines sentence of 42 months after adopting the probation

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\** The Honorable Nancy Gertner, United States District Judge for the
District of Massachusetts, sitting by designation.

officer's recommendation for a 2-level upward departure. Mejia appealed his sentence, and we now affirm.

Mejia argues that the district court improperly calculated his sentence under the Guidelines by considering factors outside the plea agreement and incorrectly calculating the upward departure. However, Mejia forfeited this claim by failing to object to the departure at the sentencing hearing. As such, the Court reviews his claim under a plain error standard. *United States v. Evans-Martinez*, 530 F.3d 1164, 1167 n.1 (9th Cir. 2008).

Mejia asserts that the district court improperly relied on factors outside the plea agreement in imposing the sentence, namely his criminal history in the Pre-Sentence Report ("PSR"). Yet Mejia did not challenge the PSR, and a "district court may rely on undisputed statements in the PSR at sentencing." *United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005). He also argues that the court incorrectly calculated his upward departure by adjusting his offense level and not his criminal history category, which was a category VI. Yet USSG § 4A1.3(a)(4)(B) states that when applying an upward departure to a defendant with a criminal history of VI, the district court should adjust the offense level to the appropriate range. Here, the district court correctly increased Mejia's offense level from 12 to 14 after determining an upward departure was appropriate.

2

Mejia also claims that the district court did not adequately explain its sentence. Failure to "adequately to explain the sentence selected, including any deviation from the Guidelines range," is procedural error. *United States v. Carty*, 520 F.3d 984, 995 (9th Cir. 2008). Here, the district court discussed Mejia's criminal history, and then read from and adopted probation's rationale for the departure. The district court stated that it had considered the Guidelines, the Sentencing Commission's policy statements, and the § 3553(a) factors. The court also gave its own reasons for the departure - specifically, Mejia's "continuous" criminal history, beginning at age 14, the likelihood that he would commit future crimes, and his gang membership. In light of its consideration of these factors, the district court's explanation was sufficient.

Finally, Mejia asserts that his sentence was substantively unreasonable. *See Carty*, 520 F.3d at 991-93. The district court imposed a sentence of 42 months – 5 months above the high end of the Guidelines range of 30 - 37 months. The court explained that it was departing pursuant to USSG § 4A1.3(a)(1) because Mejia's criminal history under-represented the likelihood that he would commit other crimes.

The district court's sentence is supported by Mejia's gang membership and extensive criminal history, including a juvenile firearm-related charge for which he

received a three-year sentence at a juvenile facility.  Moreover, despite Mejia's

deportation, he continued to return illegally to the country and commit further

crimes.  Given these factors, as well as the short time between Mejia's release from

custody and commission of this offense, the sentence was reasonable.

**AFFIRMED.**